IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Jason Gaza

    Plaintiff,                                    CIVIL ACTION FILE NO.

v.

St Joseph's Hospital Inc. d/b/a St. Joseph's Woman's Hospital.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. 227 et seq. Defendant St. Joseph's Hospital Inc., through its agents set forth and named below, called Plaintiff's cell phone with an ATDS repeatedly, despite the fact that neither Defendant nor any agent of Defendant had consent to place the offending calls and even though Defendant was put on notice to stop the calls to Plaintiff's cell phone.

### II. PARTIES

1. Plaintiff is a natural person residing in Pasco County, Florida.
2. Defendant is a Hospital with agents whom call on their behalf using Automatic Telephone Dialing Systems as defined below.

### 3.   III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331 and 28 U.S.C. 1367.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pasco County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

### IV. STATUTORY STRUCTURE TCPA and CHAPTER 559

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements. Chapter 559.72 of the Florida Statutes, sets forth a list of prohibited activities in regards to those entities trying to collect upon an alleged consumer debt and Defendant failed to follow the law in regards to Chapter 559.72, including but not limited to subchapter 7, by contacting or causing others in the employee of St. Joseph's Hospital to make repeated an annoying phone calls to Plaintiff's cell phone after being specifically told to stop making the offending calls.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

    See, 47 U.S.C. 227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

>   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

>   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

>   (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

10. Plaintiff is the subscriber of cell phone number 813-786-6125.

11. Plaintiff never gave the Defendant express consent to be called with an ATDS at 813-786-6125.

12. Agent for Defendant Financial Credit Services Inc. called at least Five (5) times with an ATDS to the Plaintiff's cell phone number, listed above after the Plaintiff revoked consent to be called by the Defendant or their agents with an ATDS leaving pre-recorded phone messages on Plaintiff's cell phone.

13. Agent for Defendant ARM Inc. called at least Five (5) times with an ATDS to the Plaintiff's cell phone number without express consent.

14. Defendant St. Joseph's Hospital Inc., is responsible to the actions of its agents, Financial Credit Services, Inc. and ARM Inc., which made the offending contact to further the business interests of St. Joseph's Hospital Inc, and who each acted with apparent authority. None of the calls were invited and none of the calls were made on an emergency basis.

## VI. CONSUMER LAW VIOLATIONS

15. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

16. The actions of the Defendant individually and collectively violated the TCPA

17. By the Defendant calling the Plaintiff's phone without express consent with an ATDS the Defendant violated the TCPA. 47 U.S.C. 227.

18. By Defendant calling or causing the complained of calls to be made to Plaintiff's above referenced phone, even after Defendant was told to stop making the calls, were done so with an intent to annoy or harass Plaintiff in violation of Chapter 559.72 of the Florida Statutes, including but not limited to subsection 7.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2) Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3) Injunctive relief and attorney fees and costs under Chapter 559.77.

(4) Such other and further relief that the Court deems just and proper.

/s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com